# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>vs.<br><br>**JUAN ALFONSO NEGRON-LOPEZ,**<br>    Defendant. | **CRIMINAL NO.: 25-011 (ADC)** |

## SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

The Defendant, Juan Alfonso Negron-Lopez ("Mr. Negron"), through the undersigned counsel, respectfully submits that a sentence of 42 months, as agreed upon by the parties in Mr. Negron's plea agreement, is sufficient but not greater than necessary to accomplish all the sentencing factors established in 18 U.S.C. §3553(a). The sentence requested by the parties already constitutes a 12-month upward variance from Mr. Negron's applicable guideline range as calculated in the plea agreement and the PSR. In addition, Mr. Negron has been in full compliance with bail conditions since his release from custody, warranting the removal of his electronic monitoring device and home detention restriction in April 2025. He has demonstrated that he has the potential to lead a law-abiding life.

Mr. Negron currently works two jobs as a mechanic and a butcher, earning minimum wage, just to make ends meet. He lives in his family home with his consensual partner, Nectar, where he has lived almost his entire life. Unfortunately, his mother, who owned and lived in the family home, passed away a few years ago and her death has affected Mr. Negron deeply. Mr. Negron was raised by his mother alone because his father was absent from his life. As a foster parent to many other children who also lived with Mr.

Negron throughout his childhood, his mother taught him the importance of empathy and care for others, especially with most of the foster children coming from broken homes where they were mistreated. When she became older and had health problems, Mr. Negron took care of his mother until she died.

The biggest traumatic experience of Mr. Negron's life was the incident that led to his prior conviction 30 years ago. At that time, Mr. Negron worked at a tire shop near a gas station. Mr. Negron went to the gas station at around 10PM and saw a woman being assaulted by a group of men near a gas pump. Mr. Negron knew where the owner of the gas station kept a gun stashed. Mr. Negron took the gun and went outside, calling the attention of the group of men to leave the woman alone. Instead of stopping, the men approached Mr. Negron while challenging him. Mr. Negron then shot one of the aggressors that was coming towards him. After that, the group of men ran away while yelling at Mr. Negron who, in turn, also ran from the scene. The woman who was the victim of the assault also disappeared.

Following the incident, Mr. Negron feared for his life and decided to move to the mainland U.S. About five years later, Mr. Negron found out from his mother that the police were looking for him and he self-surrendered to face the charges. *See* Docket No. 27, ¶ 38. When he was charged with first degree murder, prosecutors offered Mr. Negron a plea for homicide. Since the only witness, the woman who he defended, disappeared and at the time there were no security cameras, cellphones, or GPS information that could help him present his defense, he decided not to risk going to prison for 99 years. He was sentenced to nine years in prison and did not reoffend until his arrest in the instant case. As he describes it, Mr. Negron suffered the consequences of a rash decision at age 21 that was made due to meddling in a situation that had nothing to do with him. It is because of

such decision that Mr. Negron was considered a felon at the time of his arrest in the instant case, leading to the filing of federal charges against him. His conviction no longer counts towards criminal history points and Mr. Negron is considered a zero-point offender. Given his age (56) and criminal history, the risk of Mr. Negron recidivating should be considered low. *See* U.S. Sentencing Commission, *Recidivism of Federal Offenders Released in 2010*, September 2021, at 5, *available at*: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210930_Recidivism.pdf. ("[O]nly 9.4 percent of offenders in CHC I (the least serious CHC) who were aged 60 and older at release were rearrested." "In addition, nearly three-quarters (72.5%) of offenders younger than age 21 upon release were rearrested during the study period compared to 15.9 percent of offenders aged 60 and older.").

The other major traumatic experience in his life, growing up without a father, led to Mr. Negron wanting to be more involved in the lives of his children whom he provided for and financially supported until they came of age. Even though Mr. Negron got married to his children's mother at a very young age and the marriage ended during his imprisonment, Mr. Negron continued to have a great relationship with her and his children. When he was released from prison, his children, children's mother and her new consensual partner all moved into the first floor of Mr. Negron's house, and he saw them every day.

Mr. Negron is repentant for the offenses to which he pled guilty in the instant case and is ashamed to find himself in this position today after so long since his release from prison over 25 years ago. During his presentence interview, Mr. Negron expressed that no money in the world is worth more than his freedom. Additionally, Mr. Negron is

3

concerned for his health while imprisoned because he suffers from Dupuytren's disease in both hands, diabetes, hypertension, and high triglycerides, for which he takes medication daily. He enjoys the support of his family and friends in the community, including his children and grandchildren, who will help in his rehabilitation upon release from confinement. Mr. Negron wishes to be designated to an institution near North Port, FL, where his son lives and owns a barbershop, to allow for visitation and further support.

WHEREFORE, the Defendant, Juan Alfonso Negron-Lopez, respectfully requests this Honorable Court take notice of the present motion and that same be granted.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, 16th day of May, 2025.

RACHEL BRILL
Chief Defender
District of Puerto Rico

*s/ Ivan Santos-Castaldo*
Ivan Santos-Castaldo
Assistant Federal Public Defender
USDC-PR No. 302814
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: ivan_santos@fd.org